Jan KOPACZ, Plaintiff,

v.

DELAWARE RIVER AND BAY
AUTHORITY, Defendant.

Civ. No. 03–4858(SSB).

United States District Court,
D. New Jersey,
Camden Vicinage.

July 21, 2004.

Mary Elisa Reeves, Donna Adelsberger & Associates, P.C., Glenside, PA, for Delaware River and Bay Authority, Defendant.

E. Alfred Smith, E. Alfred Smith & Associates, Philadelphia, PA, for Jan Kopacz, Plaintiff.

## *ORDER*

DONIO, United States Magistrate Judge.

This matter having come before the Court upon the motion of Plaintiff, Jan Kopacz, for an order compelling the Defendant to produce copies of the minutes of its Safety Committee for one year prior to and one year following the alleged incident that underlies the complaint; and the Court having considered the submission of the parties; and

THE COURT NOTING THAT Plaintiff alleges that he was struck by a car on the car deck of one of Defendant's ferries on August 9, 2002. *See* Complaint ¶ 5. Plaintiff asserts that he requested copies of the minutes of the Defendant's Safety Committee but that Defendant objected asserting the self-critical analysis privilege. *See* Plaintiff's Motion to Compel, p. 1. Plaintiff further asserts that the parties engaged in two telephone conferences with the Court but that the parties were unable to come to resolution on the issue of producing the minutes. *Id.* Further, Plaintiff cites several cases which discuss the self-critical analysis privilege and asserts that these cases direct that Defendant produce the minutes of the Safety Committee. Specifically, Plaintiff cites *Todd v. South Jersey Hospital System,* 152 F.R.D. 676 (D.N.J. 1993), where the Court directed the production of peer review materials that contained

commentary of a doctor's peers regarding the quality of his medical practice and other factual data. *See* Plaintiff's Memorandum of Law, p. 1. Plaintiff states that the Court in *Todd* ordered the production of the commentary because the information was not available from other sources and that its disclosure would not prejudice plaintiff in any way. *Id.*

Plaintiff also cites *Melhorn v. New Jersey Transit Rail Operation, Inc.*, 2001 WL 516108, 2001 U.S.Dist. LEXIS 6320 (E.D.Pa. 2001), where the Court ordered the production of an unredacted Investigation of a Personal Injury Report, where a portion titled "What Steps Were Taken To Prevent Similar Injuries" had been redacted. *See* Plaintiff's Memorandum of Law, p. 2. The *Melhorn* court found, after in camera review, that the information contained in the report was objective and the public policy favoring exclusion did not outweigh Plaintiff's need to discover the report. Finally, Plaintiff cites *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir.1992), where the Ninth Circuit ordered a new trial because the District Court held that the defendant shipowner's Safety Committee meetings were protected by the self-critical analysis privilege and therefore not discoverable. *See* Plaintiff's Memorandum of Law, p. 3. In so holding, Plaintiff claims that the Ninth Circuit found that the self-critical analysis did not protect routine internal corporate reviews of matters related to safety concerns. *Id.* Plaintiff contends that the reasoning in *Dowling* applies with equal force to this case and mandates that the Defendant produce the minutes of the Safety Committee meetings for one year prior to and one year following Plaintiff's accident; and

THE COURT FURTHER NOTING that Defendant opposes this motion on grounds of privilege and relevance. With respect to privilege, Defendant asserts that the self-critical analysis privilege applies to the Safety Committee meeting minutes. *See* Memorandum of Law in Opposition to Plaintiff's Motion ("Def.Opp."), p. 2. In this regard, Defendant states that Plaintiff's reliance on *Todd*, 152 F.R.D. 676 is misplaced. Specifically, Defendant asserts that the Plaintiff in the *Todd* case demonstrated a particularized need for the documents. *Id.* at p. 2. Additionally, Defendant claims that the plaintiff in the *Todd* case was suing the hospital administration for failing to supervise the doctor who performed an alleged improper medical technique and that the court ordered production of the records because plaintiff had demonstrated a particularized need for the documents because the information was not available from any other sources. *See* Def.Opp. pp. 2–3 (citing *Todd*, 152 F.R.D. at 683).

Defendant further asserts that the Ninth Circuit's decision in *Dowling* is not binding on this Court. Def.Opp. p. 3. In this regard, Defendant states that the issue in *Dowling*, where the Ninth Circuit held that voluntary routine pre-accident safety reviews are not protected from discovery, has not yet been addressed by the Third Circuit. *Id.* Defendant acknowledges that *Dowling* found that it would be important for a plaintiff to have the documents to reveal what the company knew of the condition and whether it regarded the condition as dangerous, whether it assigned someone to repair the condition, and what was done in response. Defendant asserts, however, that the *Dowling* Court did not analyze the privilege under any specific set of criteria and did not address whether the information was available from other sources. *Id.* Accordingly, Defendant submits that *Dowling* authorizes a fishing expedition, a process which has been criticized by this Court. *Id.* at p. 4. Notwithstanding, Defendant asserts that *Dowling* does not support Plaintiff's motion to compel the minutes from post-accident meetings because *Dowling* dealt only with pre-accident reviews. *Id.*

Finally, Defendant asserts that to compel the Safety Meeting minutes would produce a chilling effect on the self-critical analysis critical to Defendant's operations in the future. *Id.* at p. 5. Moreover, in the alternative, Defendant submits that the Court should limit the document production to pre-accident meetings for six months prior to Plaintiff's accident and further limit such production to matters involving loading and unloading of vehicles on the car deck of Defendant's ferries. *Id.* In this regard, Defendant asserts that the relevancy principles set forth in Fed.R.Civ.P. 26(b)(1) require

such a limitation on the production of the documents requested by Plaintiff. The Court notes that in a letter dated July 5, 2004, Plaintiff concedes that the initial request for the documents was six months prior to and six months following the accident, and expressly concurs with limiting the production of documents to the six-month time frame before and after the accident. *See* Letter dated July 5, 2004.; and

■ THE COURT FURTHER NOTING THAT Federal Rule of Civil Procedure 26(B)(1) provides that parties may obtain non-privileged discovery regarding any matter that is relevant to the claim or defense of any party. Discovery may be had if the material sought is "relevant to the subject matter" and if it is "not privileged." Fed. R.Civ.P. 26. "Relevant matter encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Leksi, Inc. v. Federal Ins. Co.,* 129 F.R.D. 99, 104 (D.N.J.1989) (citing *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). "The question of relevancy is to be more loosely construed at the discovery stage than at the trial." *Id.* (citing 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2008). Courts have construed Rule 26 liberally, creating a broad range for discovery which would " 'encompass any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case' ". *Caver v. The City of Trenton,* 192 F.R.D. 154, 159 (D.N.J.2000)(citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). While the scope of discovery under this Rule is broad, it is far from unlimited. In this regard, the requesting party bears the burden of demonstrating that the requested documentation is relevant. *Caver,* 192 F.R.D. at 159; *In re Sunrise Securities Litigation,* 130 F.R.D. 560, 578 (E.D.Pa.1989). On the contrary, the party resisting discovery " 'must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.' " *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982) (citing

*Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292, 296–97 (E.D.Pa.1980)) (citations omitted). Once the Court determines the relevancy of Plaintiff's request, the Court must then determine whether the self-critical analysis precludes disclosure of the documents; and

■ THE COURT FURTHER NOTING that the self-critical analysis applies when: (1) the material sought has been prepared for mandatory government reports or for a critical self-analysis, (2) the privilege extends only to subjective, evaluative materials, not to objective data, and (3) the policy favoring exclusion must outweigh the plaintiff's need for the documents. *Melhorn,* 2001 WL 516108, 2001 U.S.Dist. LEXIS 6320.

■ THE COURT FINDING that with respect for Plaintiff's motion to compel the pre-accident minutes, Plaintiff has demonstrated the relevancy of such documents and that the self-critical analysis does not protect the minutes from disclosure. Plaintiff's reliance on *Dowling,* while not binding on this Court is persuasive and supports Plaintiff's motion to compel the pre-accident minutes. In this regard, the Court finds that the minutes of the Safety Committee relating to the vessel's car deck from the period of February 2002 to August 2002 are relevant to notice. *See Dowling,* 971 F.2d at 427 (the self-critical analysis does not apply to safety committee notes compiled prior to an incident). In this regard, the Court finds that any Safety Committee meeting minutes relating to the vessel's car deck for the period of February 2002 to August 2002 should be produced to Plaintiff.[1]

■ With respect to Plaintiff's motion to compel the Safety Committee minutes for a time period of six months subsequent to the accident, the Court finds that Plaintiff has articulated why such minutes are relevant or likely to lead to relevant evidence under the liberal standards of Fed.R.Civ.P. 26. Plaintiff asserts that such documents are relevant to Defendants' assertion that an accident did not occur. *See* Answer ¶ 5. Since the parties

---

1. As noted *supra,* the Plaintiff amended his request in his motion to compel, by letter dated July 7, 2004, stating that Plaintiff would be satisfied with a production of documents for six months before and after the accident.

dispute whether an accident occurred, the Court finds that the requests for six months of the Safety Committee minutes compiled after the accident meet the relevancy standard under Fed.R.Civ.P. 26 and, consequently, the Court rejects Defendant's relevancy objection.

■ With respect to the self-critical analysis privilege as to the Safety Committee minutes, the Court notes that there has been no showing by Defendant that the minutes meet the criteria of self-critical analysis. Moreover, the Court notes that there is no assertion that the material has been prepared for mandatory government reports or a showing that the material was prepared for a critical self-analysis.[2] However, the Court notes that even if the self-critical analysis is applicable, the reasoning under *Todd* would support production of the minutes following the alleged incident when the parties dispute that such an incident even occurred. *See id.* Consequently, the Court will order the production of any Safety Meeting minutes for 6 months following the alleged incident that relate to the vessel car deck. Therefore,

IT IS on this 21st day of July, 2004

ORDERED that Plaintiff's motion to compel is denied in part; and it is further

ORDERED that Plaintiff's motion to compel is granted in part; and it is further

ORDERED that Defendant shall produce to Plaintiff copies of the Safety Meeting minutes, relating to the vessel's car deck, for a period of six months prior to and following the accident within 10 days of entry of this order.

---

**2.** Defendant's counsel asserts that she reviewed the minutes for six month prior to and six months following the accident and that there was no reference to Plaintiff's accident contained in either set of the minutes. *See* Def.Opp. p. 4.